REGAN, Judge.
The plaintiff, Hallmark Electronics Corporation, filed this suit against the defendant, Columbia Radio and Supply Company, endeavoring to nullify a judgment rendered against it as the garnishee in a proceeding instituted by the defendant in which it sought to obtain a seizure of the wages of one of the plaintiff’s employees to the extent permitted by law.
In response thereto, the defendant filed a rule to show cause why the petition for *554 nullity of judgment should not be dismissed. The plaintiff then filed an exception to this motion predicated upon the unauthorized use of a summary proceeding and in support of this position, it relied upon Article 926(3) [1] of the Louisiana Code of Civil Procedure.
Both the rule and the exception thereto were argued on the same day, and the lower court rendered judgment in favor of the defendant, dismissing the plaintiff’s petition for nullity of judgment. From that judgment, the plaintiff has prosecuted this appeal.
The record discloses that a judgment was rendered on September 15, 1966, against the plaintiff, as garnishee, for failure to answer garnishment interrogatories directed to it by the defendant. The defendant was endeavoring to collect money due it by the plaintiff’s employee, John Forest Jordan, in accordance with a judgment rendered against him in a suit by the defendant upon a promissory note.
Plaintiff’s suit for nullity of this judgment was based upon the allegations of improper service of the garnishment interrogatories by the constable of the First City Court. Plaintiff’s appeal is predicated upon its contention that it was denied the opportunity to prove its allegations for nullity in an ordinary proceeding as distinguished from a summary proceeding.
Article 2002(2) of the Louisiana Code of Civil Procedure provides that a final judgment shall be annulled if it is rendered against a defendant who has not been served with process as required by law. Article 1292 of the Code of Civil Procedure provides that when the return of the sheriff or constable is received by the clerk and made part of the record it is considered prima facie correct. However, this presumption of correctness is subject to rebuttal by proper evidence.[2]
Prior to the adoption of the present Code of Civil Procedure, Article 610 of the Louisiana Code of Practice required that an action for nullity must be instituted by petition and service of citation on the adverse party. While this article was not transcribed verbatim into the Code of Civil Procedure, it is apparent that the determination of the nullity of a judgment must be made in an ordinary and not in a summary proceeding as we shall point out. The article relating to the “action of nullity” is contained in Book II of the Code of Civil Procedure which is significantly entitled “Ordinary Proceedings”. Article 1201 of the Code of Civil Procedure provides that citation and service of process are essential in all civil actions except summary and ex-ecutory proceedings. Since the action for nullity of judgment is neither a summary nor an executory proceeding, it must comply with the rules governing ordinary proceedings, so that service is essential, and an answer and trial thereof on the merits must occur. A similar result was reached by us in the case of Garnett v. Anear,[3] wherein we reasoned that since an action for nullity of judgment was an ordinary proceeding, a default judgment could not be annulled by a rule to show cause.
The foregoing analysis of the statutory and jurisprudential authorities relating to the question posed for our review clearly reveals that a suit to nullify a judgment is an ordinary action which must be docketed and heard in the usual course of *555 litigation. It cannot be converted into a summary proceeding by a rule to show cause why the petition for nullity should not be dismissed. Consequently, we are of the opinion that the lower court erred in maintaining the defendant’s rule to show cause and in dismissing the plaintiff’s petition for nullity of judgment, and therefore, the case must be remanded for further consideration.
For the foregoing reasons, the judgment is set aside and annulled, and the matter is now remanded to the lower court for such additional proceedings as the nature of the case may require and which shall be consistent with the views expressed herein-above.
Annulled and remanded.

. C.C.P. Art. 926. “The objections which may be raised through the dilatory exception include, but are not limited to, the following:

“(3) Unauthorized use of summary proceeding;”

. Ba.R.S. 13:3471(5) “The return of the serving officer on any citation or other legal process is conclusive, unless directly attacked. Such an attack may be made by rule in the action or proceeding, if made prior to judgment. If made after judgment, the return may be attacked only in a direct action to annul the judgment, which may be brought in the original action or proceeding.”

. 203 So.2d 812 (La.App.1967).