343 So.2d 441 (1977)
Amenthye Gail THIBODEAUX, Plaintiff-Appellee,
v.
Robert DUOS, Defendant-Appellant.
No. 5823.
Court of Appeal of Louisiana, Third Circuit.
March 4, 1977.
*442 Privat & Regan, Kenneth O. Privat, Crowley, for defendant-appellant.
Stephen J. Ledet, Jr., Opelousas, for plaintiff-appellee.
Before CULPEPPER, GUIDRY and FORET, JJ.
FORET, Judge.
From a judgment rendered in favor of plaintiff-in-rule, Amenthye Gail Thibodeaux, making past-due alimony payments executory, defendant-in-rule, Robert Duos, filed this appeal. Thibodeaux answered same, alleged that the appeal was frivolous, and prayed for attorney fees.
In the early part of March, 1974, Mrs. Thibodeaux filed a petition for separation from bed and board from Duos, who accepted service of the petition. On April 11, 1974, a judgment thereon was rendered in favor of plaintiff Thibodeaux and against defendant Duos, decreeing a legal separation between them, and awarding plaintiff alimony in the sum of Three Hundred ($300.00) Dollars per month. On two subsequent occasions, the last of which is the suit from which the appeal has been brought, Thibodeaux filed rules against Duos to make executory all past-due alimony payments. To such rules, defendant filed no responsive pleadings.
In this appeal, defendant Duos assigns the following as errors of the trial court:
1. In finding that there was a valid judgment upon which to base an award for past-due alimony,

*443 2. In failing to allow the appellant to introduce evidence which would show (A) an agreement to deviate from the terms of the judgment of separation and (B) compensation by the husband to the wife for her taking community assets and converting same to cash for her benefit, without accounting to the appellant.

I

VALIDITY OF JUDGMENT OF SEPARATION
Defendant contends that inasmuch as he was not personally served with citation and with notice of the judgment of separation, the judgment is not final. Defendant Duos accepted service of the petition and waived the formal service and the issuance and service of citation thereof. (Tr., pg. 5) In effect, he was personally served. Thus notice of judgment was not required to be served upon him. C.C.P. Art. 1913.
The issue of the validity of the judgment of separation was not properly before the trial court. Articles 2001-2006 of the Louisiana Code of Civil Procedure provide instances in which the validity of a judgment may be attacked. In all such situations, an ordinary proceeding must be brought therefor. Columbia Radio & Supply Co. v. Jordan, 215 So.2d 553 (La.App. 4 Cir. 1968). In a summary proceeding such as this, there may be a disposition of certain matters only, of which the contestability of a judgment is not included. C.C.P. Art. 2592. Duos seeks a collateral attack of the judgment of separation. Clearly he cannot do so. The trial court correctly ruled against the defendant in this connection.

II

OBJECTIONS TO EVIDENCE SOUGHT TO BE ELICITED

A. DEVIATION FROM THE TERMS OF THE JUDGMENT OF SEPARATION
At the hearing on the rule, the following questions were asked plaintiff Thibodeaux:
Q. Did you and your husband discuss the separation agreement? Did you all have an agreement when you all separated? (Tr., pg. 48)
A. Yes, we did. (Tr., pg. 48)
Q. Was that agreement that your husband would pay $300 a month, is that not correct? (Tr., pg. 48)
A. . . . [Objection by counsel]
Q. Did you and your husband agree he would pay you one year's alimony at this rate? (Tr., pg. 50)
A. . . . [Objection by counsel]
To such questions, the attorney for Thibodeaux, stating that the judgment of separation could not be challenged in such way, raised an objection. Such objection was sustained by the trial court.
When Duos was asked:
Q. I would ask you subsequent to Junebefore June of 1974, were you contacted by your wife with regard to the payment of alimony? (Tr., pg. 51),
an objection to materiality and relevance was raised by plaintiff's counsel, which objection was sustained by the trial court. Counsel for defendant then made a proffer of evidence tending to establish that plaintiff and defendant had agreed to the method by which the defendant would pay the delinquent installments.
The only issues to be resolved at the hearing were those pertaining to the payment of alimony by defendant. Such issues involved the date or dates upon which defendant failed to pay alimony and the amount of alimony not paid. The hearing centered only on those issues. (Even assuming that the issue of an agreement was properly before the trial court, defendant failed to even abide by such agreement; at no time did defendant voluntarily pay any alimony.) As the above questions dealt with issues not raised by the pleadings (to which plaintiff timely objected) and as the questions were immaterial and irrelevant, the trial court properly sustained the objections thereto. La.C.C.P. Art. 1154.

*444 B. COMPENSATION
Also during the hearing, plaintiff Thibodeaux was asked the following question:
Q. Mrs. Thibodeaux, is it true that you are in possession of certain assets of the community (not complete)? (Tr., pg. 50)
Again an objection based upon relevancy was raised and sustained, and again defendant's counsel made a proffer of evidence.
The issue of compensation for community property was not properly before the trial court. Even had such issue been raised in the pleadings, the trial court could not (unless by stipulation of counsel) have rendered judgment declaring appellant entitled to compensation for the value of the community property held by plaintiff. Such issue was not triable in a summary proceeding. C.C.P. Art. 2592.
As this appeal raises issues as to which a careful resolution must be made, it cannot be termed "frivolous", and plaintiff-appellee's prayer for attorney fees is denied.
All costs of appeal are assessed against defendant-appellant.
AFFIRMED.