437 So.2d 370 (1983)
Melanie Ann Leavitt, wife of John Alan MEUNIER
v.
John Alan MEUNIER.
No. CA-0630.
Court of Appeal of Louisiana, Fourth Circuit.
September 13, 1983.
*371 Barbara G. Danos, Kierr, Gainsburgh, Benjamin, Fallon & Lewis, New Orleans, for defendant/appellee.
Rudolph R. Schoemann, New Orleans, for plaintiff/appellant.
Before REDMANN, GULOTTA and LOBRANO, JJ.
LOBRANO, Judge.
Melanie Ann Leavitt (Melanie), and John Alan Meunier, (John) were divorced by judgment of the Civil District Court, Parish of Orleans, on July 14, 1980. Melanie was awarded custody of their only minor child, Adam, and child support of $40.00 per week to be increased annually by $5.00 per week beginning June of each succeeding year.
On February 9, 1982, Melanie delivered physical custody of the minor child to John, and subsequently went to Honduras with her new husband. Prior to Melanie's departure, John filed a rule for child custody which was personally served on February 16, 1982. On March 10, 1982 he also filed a rule for child support. Service of same was attempted on Mr. Schoemann who was still Melanie's attorney of record at that time. He refused service, however, indicating he no longer represented her. Both rules were set for March 22, 1982 at which time Graymond Martin appeared on Melanie's behalf as she was still in Honduras. A consent judgment was agreed to by both parties in which John was given custody of the minor, and child support in the amount of $45.00 per week to be increased by $5.00 per week beginning June 1st of each year.
*372 Subsequently in July of 1982, John filed a rule for increased child support, as well as a rule for contempt and for judgment making past due child support executory. Melanie responded by filing a "Motion to Terminate, Suspend and/or Reduce Child Support and For Visitation Rights". In that pleading, she claimed the March 22nd judgment was agreed to by her counsel without her approval or consent. In response thereto, John filed an exception of unauthorized use of summary proceeding to collaterally attack the March 22nd judgment.
All of these various rules and motions were heard by the trial court on September 9th and 10th 1982 at which time the rules for increase and decrease of child support were both denied, as well as the motion to terminate child support. The rule for past due child support was made executory, and judgment was rendered against Melanie in the amount of $1,200.00, plus $350.00 attorney fees and all costs. She perfects this appeal raising the following issues:
1. The validity of the March 22nd consent judgment.
2. whether the original rule for child support filed by John was properly served upon her to satisfy due process.
3. whether she carried her burden of showing a change in circumstances to warrant a decrease in child support.
4. whether the amount awarded John for back support is mathematically correct.
5. whether the trial court abused its discretion in its determination of the amount of child support awarded John.
1. The March 22nd Consent Judgment.
Only certain matters are authorized by the Code of Civil Procedure for disposition by summary proceeding. The validity of a judgment is not one. La.C.C.P. Art. 2592.
The law is clear that a judgment may only be attacked in an ordinary proceeding. LA.C.C.P. Articles 2001-2006; Thibodeaux v. Duos, 343 So.2d 441 (La. App.3rd Cir.1977); Sizeler v. Sizeler, 375 So.2d 122 (La.App. 4th Cir.1979); Columbia Radio and Supply Co. v. Jordan, 215 So.2d 553 (La.App. 4th Cir.1968). Melanie is thus precluded from collaterally attacking the March 22nd judgment by the use of summary proceedings.
2. Proper Service
Melanie's argument that she was not properly served with the rule for child support is without merit. Where personal jurisdiction over a party has been obtained, service on that party's counsel of record is good and valid. La.C.C.P. Art. 1314. This holds true even when the party lives outside of Louisiana even for a lengthy period of time. Imperial v. Hardy, 302 So.2d 5 (La. 1974); Chaplin v. Chaplin, 402 So.2d 795 (La.App. 4th Cir.1981); Goldstein v. Goldstein, 409 So.2d 1245 (La.App. 4th Cir.1982). Personal service is effected when the citation or other process is tendered to the person to be served by the process server, officer or deputy. La.C.C.P. Art. 1232. Service was tendered to Melanie's counsel of record, Mr. Schoemann. Thus, service was effected on her and due process was satisfied. Even assuming proper service had not been effected, Mr. Graymond Martin appeared on Melanie's behalf and therefore any objection to lack of service was waived by appearance thru counsel. La.C. C.P. Art. 7; Bunge Corp. v. Emmons, 320 So.2d 230 (La.App. 3rd Cir.1975); LeBlanc v. Landry, 371 So.2d 1276 (La.App. 3rd Cir. 1979).
3. Burden of Proof
The law requires that a party seeking any modification of a prior support judgment must show a change in circumstances justifying the modification. The change in circumstances must take place during the period of time between the date of the judgment and the date of the rule for modification. Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973); Gennaro v. Gennaro, 306 So.2d 756 (La.App. 4th Cir.1975); Howell v. Howell, 391 So.2d 1304 (La.App. 4th Cir.1980). In the instant case, Melanie *373 argues she is entitled to the termination or decrease in her child support obligation because she is unemployed. The record clearly reflects that she was unemployed at the time the judgment was rendered, not because of any fortuitous event but through voluntary action on her part. Melanie does not contend that she became unemployable at the time of filing or trial of her rule to terminate or reduce. In fact, the record shows she was not physically disabled and was actively seeking employment which she subsequently secured with the Orleans Parish School Board. Therefore, her argument is without merit. There was no change in circumstances between rendition of the judgment and the trial of her rule to terminate or reduce. Neither was there any substantial change in John's income that would warrant a termination or decrease in support.
4. Mathematical Certainty
Melanie contends that the amount of the judgment should have been $50.00 less because one period in question, June 1 to September 7, 1982 is only 14 weeks instead of 15 weeks. She asserts the correct amount of arrearage is $1,150.00. John asserts the correct amount is $1,184.99, based on 14 weeks and 4 days. Both agree that the $1,200.00 amount is incorrect. We hold that the correct amount due is $1,150.00. The amount owed for the 4 days of the 15th week is not due until the full week is passed. We will therefore correct the judgment to reflect the correct amount of $1,150.00.
5. Abuse of Discretion
A trial court's award of alimony and child support is not to be disturbed in the absence of a clear showing of abuse of that discretion. Howell v. Howell, 391 So.2d 1304 (La.App. 4th Cir.1980); Nicolle v. Nicolle, 308 So.2d 377 (La.App. 4th Cir.1975). We find ample evidence in support of the trial court's denial of Melanie's request for termination in child support. She failed to prove any change in circumstances to warrant a modification or termination of the judgment. Her argument that the trial court erroneously apportioned the child support equally between her and John is without merit. John first estimated the cost of supporting the minor child to be $400.00 per month, but later amended that estimate to approximately $750.00. The record supports the conclusion that the cost of supporting the child is substantially greater than $400.00. Melanie was ordered to contribute $216.00 per month, less than one-half of the child's needs. She also has failed to consider the non-monetary support provided by John. Louisiana has long recognized and credited the day-to-day care and nurturing given by the custodial parent as a significant portion of their support obligation. Ducote v. Ducote, 339 So.2d 835 (La.1976); Neel v. Neel, 365 So.2d 34 (La. App. 4th Cir.1978). In addition, the evidence convinces us that Melanie is employable. She has a B.A. Degree in secondary education, and is presently attending law school at night. Prior to her leaving the country in February of 1982, she voluntarily resigned her position with the Louisiana Department of Health and Human Resources where she was earning $1,145.00 per month, while John was earning approximately $900.00 per month.
The judgment of the trial court is amended to reflect the correct amount of back child support to be $1,150.00. In all other respects, the judgment is affirmed.
AMENDED, AND AS AMENDED AFFIRMED.