517 So.2d 936 (1987)
Carol Lynn Bertrand VEILLON, Plaintiff-Appellant,
v.
Ronald VEILLON, Defendant-Appellee.
No. 86-333.
Court of Appeal of Louisiana, Third Circuit.
October 7, 1987.
Writ Denied December 11, 1987.
Craig J. Hattier, New Orleans, for plaintiff-appellant.
*937 Morrow and Morrow, Patrick C. Morrow, Opelousas, for defendant-appellee.
Before LABORDE, KNOLL and KING, JJ.
KING, Judge.
This appeal presents the issues of whether or not plaintiff is entitled to a new trial because she was denied due process by not receiving notice of trial and whether or not she was entitled to use summary process to seek to annul a judgment previously rendered against her.
Carol Lynn Bertrand Veillon (hereinafter plaintiff) appeals the granting of a judgment of divorce rendered on the reconventional demand by her husband, Ronald Veillon (hereinafter defendant). Plaintiff asserts that she was not served with notice of trial and was therefore denied due process when she did not appear for trial and a judgment was rendered against her. Plaintiff timely filed a motion for a new trial and a rule to show cause why the judgment rendered against her should not be annulled. The trial court rendered judgment dismissing plaintiff's application for a new trial and sustaining defendant's dilatory exception of improper use of summary procedure to the rule seeking nullity of the judgment. Plaintiff timely appealed. We affirm in part, reverse in part, and remand for a new trial.

FACTS
Ronald Veillon and Carol Lynn Bertrand Veillon were married on August 16, 1975, in Evangeline Parish, Louisiana and subsequently established their matrimonial domicile in St. Landry Parish, Louisiana. The parties physically separated on August 2, 1983.
On April 19, 1985, plaintiff, through her attorney, filed a petition for divorce, based on living more than one year separate and apart under LSA-R.S. 9:301, and for partition of the community. After defendant was cited and served a preliminary default was entered on August 9, 1985. Plaintiff dismissed her attorney on September 9, 1985, and a court order permitting him to withdraw as plaintiff's attorney was signed on September 17, 1985, and thereafter plaintiff proceeded in proper person to represent herself.
On September 13, 1985, defendant answered plaintiff's petition and filed a reconventional demand alleging cruel treatment. A court order was signed on the same day, before service of the reconventional demand or the filing of an answer, fixing the matter for a trial on the merits on September 27,1985. Plaintiff was served with the defendant's reconventional demand and the court order fixing the matter for hearing on September 27, 1985, but did not file an answer to the reconventional demand before the scheduled September 27, 1985 trial date. On September 19, 1985, plaintiff amended her petition to request alimony.
Both parties appeared at the scheduled trial for the divorce and the trial judge granted a divorce to the defendant, based on his reconventional demand, but the trial judge, on his own motion, then vacated and set aside the judgment of divorce when he discovered that plaintiff had not filed an answer to defendant's reconventional demand prior to the scheduled trial date and that no preliminary default judgment had ever been entered on the defendant's reconventional demand. On October 29, 1985 the plaintiff filed an answer to defendant's reconventional demand.
On defendant's motion, a trial on defendant's reconventional demand was fixed for November 22, 1985. The plaintiff did not appear for trial on November 22, 1985 and the court ordered the trial continued and refixed for December 5, 1985 and ordered that the plaintiff be personally served with notice of the December 5, 1985 trial date.
On December 2, 1985, the sheriff filed a return in the record stating that he had been to the plaintiff's address listed on her pleadings more than fifteen times, but was unable to make service of the trial notice on plaintiff because no one was there. Plaintiff had listed her address on all of her legal pleadings which she had filed in proper person as 1215 Cherokee Drive, Opelousas, Louisiana, which was her mother's address. Plaintiff actually still resided at *938 Route 6, Box 400, Parish Road 140, which was the site of the former matrimonial domicile.
After the sheriff filed his return showing that he was unable to make service, defendant on December 2, 1985 moved for and obtained a court order, pursuant to La.C.C.P. Art. 1293, to permit a private person, Kenneth Moreau, to make service of the trial notice of the December 5, 1985 trial date on the plaintiff. Moreau filed an affidavit in the record stating that he had personally served the plaintiff on December 3, 1985 with the trial notice of the December 5, 1985 trial date at 1215 Cherokee Drive, Opelousas, Louisiana.
On December 5, 1985, the trial was held and the trial judge granted a divorce to defendant on his reconventional demand. Plaintiff did not appear at the trial. A judgment of divorce was rendered and signed on December 5, 1985. Plaintiff, through a new attorney, then filed a motion for a new trial on December 11, 1985.
At the hearing on the motion for a new trial plaintiff's mother testified that the private process server attempted to make service upon her at her residence at 1215 Cherokee Drive, Opelousas, Louisiana, which she refused to accept. She stated that a man appeared at her car window, as she was driving away from her house, and asked her if she was Carol Lynn Bertrand Veillon. When she replied she was not, she testified that the man attempted to stuff some papers in her car window and that she pushed them out and then drove off without seeing the papers. Plaintiff's mother testified that plaintiff did not reside with her at the time the service was attempted. Plaintiff testified that she did not live with her mother on December 3, 1985 and that she was in Lafayette, Louisiana on December 3, 1985 which was the day that service was allegedly personally made on her according to the affidavit. Several other witnesses also testified and corroborated plaintiff's testimony that she was in Lafayette on that day. At the hearing of the motion for a new trial defendant's attorney stipulated that plaintiff was in Lafayette, Louisiana at the time service was attempted. The private process server was not called to testify at the hearing on the motion for a new trial even though the record shows he was present in court.
Defendant filed a dilatory exception of improper use of summary proceedings in response to plaintiff's rule to show cause, seeking to annul the judgment of divorce rendered on December 5, 1985, on the date of the hearing of the motion for new trial and the rule to annul the divorce judgment. After a hearing on the exception the trial court maintained defendant's exception to the rule seeking nullity of the judgment. The trial court then heard the motion for a new trial and dismissed plaintiff's motion for a new trial.
Plaintiff timely appeals the judgment of the trial court, asserting the following assignments of error:
(1) Failing to give plaintiff notice of trial effectively denied her right to due process and entitles her to a new trial;
(2) Although the evidence showed that personal service of the trial notice was not made, it was error for the trial judge to find that domiciliary service had been made; and
(3) The affidavit of the private process server, without any other evidence, introduced at the time of the trial failed, as a matter of law, to carry the burden of proving a valid service.

LAW
Louisiana Code of Civil Procedure Article 1571 reads in relevant part as follows:
"The district court shall prescribe the procedure for assigning cases for trial, by rules which shall:
(1) Require adequate notice of trial to all parties;"
The official comments to LSA-C.C.P. Art. 1571 state that "adequate notice is a minimum requirement for reasons of due process." It is fundamental to our scheme of procedure that there must be notice prior to trial. Cook v. Matherne, 432 So.2d 1039 (La.App. 1 Cir.1983).
In the case of Louisiana Hoop Company, Inc. v. Hood, 292 So.2d 808 (La.App. 1 *939 Cir.1974), the court held that where an answer had been filed by the defendant, there could be no judgment by default and defendant was entitled to notice of the date of the trial on the merits. In the case before us, an answer had been filed by the plaintiff to the defendant's reconventional demand. Therefore, there could be no judgment by default and the plaintiff was entitled to notice of trial for there to be a valid trial. See Saucier v. McLean, 125 So. 163 (La.App.1929), and cases cited therein.
Plaintiff asserts that she was not given notice of the trial date since she had not been properly served with notice of trial. The minute entry showing the court's order entered on November 22, 1985 reflects that the court ordered that the plaintiff was to be served personally with notice of the December 5, 1985 trial date.
The privately-appointed process server filed an affidavit in the record stating that on December 3, 1985 notice of the December 5, 1985 trial date had been personally served on Carol Lynn Veillon at 1215 Cherokee Drive, Opelousas, Louisiana. However, the uncontradicted evidence at the time of the hearing on the motion for new trial, as well as the stipulation of the parties received in evidence, shows that the plaintiff was in Lafayette at the time the trial notice was allegedly personally served on her. It is obvious that the affidavit of the privately-appointed process server is incorrect.
The return of a citation is prima facie evidence of service and is given great weight. Roper v. Dailey, 393 So.2d 85 (La.1981). However, this presumption of correctness is subject to rebuttal. Columbia Radio and Supply Company v. Jordan, 215 So.2d 553 (La.App. 4 Cir.1968). The party attacking the validity of the return must prove insufficiency of service by clear and convincing evidence. Roper v. Dailey,supra; Terry, Inc. v. Bell, 484 So.2d 315 (La.App. 3 Cir.1986).
Defendant's sole evidence, at the trial on December 5, 1985, as to whether or not a valid service of notice of the trial date had been served on plaintiff was the affidavit of the private process server filed in evidence. The evidence at the hearing on the motion for a new trial clearly shows that plaintiff was not personally served with notice of the date of the trial, contrary to the recitals in the affidavit. Since the evidence introduced at the hearing of the motion for a new trial clearly and convincingly shows that the affidavit incorrectly showed personal service of the trial notice on the plaintiff, the affidavit showing the service of the trial notice is insufficient and the plaintiff has met her burden of proving the invalidity of service.
In his reasons for judgment denying the plaintiff's motion for a new trial, the trial judge found that although the evidence showed that plaintiff was not personally served, the evidence showed that domiciliary service was properly effected at the address she listed in her pleadings, namely, 1215 Cherokee Drive, Opelousas, Louisiana.
Under LSA-C.C.P. Art. 1234, domiciliary service is made
"[w]hen a proper officer leaves the citation or other process at the dwelling house or usual place of abode of the person to be served with a person of suitable age and discretion residing in the domiciliary establishment." (Emphasis added.)
The law relating to domiciliary service must be strictly complied with. Wilson v. King, 227 La. 546, 79 So.2d 877 (1955). To be effective, domiciliary service must be made at the dwelling house or usual place of abode of the person to be served. Guedry Finance Company v. Breland, 192 So.2d 884 (La.App. 4 Cir.1966).
Plaintiff listed her address on all pleadings as 1215 Cherokee Drive, Opelousas, Louisiana, which was her mother's residence address. Plaintiff testified that she actually resided at Route 6, Box 400, Parish Road 140, Opelousas, Louisiana, which was the location of the former matrimonial domicile, at the time of the attempted service of the notice of trial upon her, but that she used her mother's address for the purpose of receiving mail.
*940 One's domicile is the principal establishment wherein he makes his habitual residence and essentially consists of two elements: residence and an intent to remain in the place. Regions v. Regions, 381 So.2d 920 (La.App. 3 Cir.1980). The evidence clearly shows that plaintiff considered the former matrimonial domicile to be her habitual residence. Her intent to remain there is further evidenced by the fact that defendant was well aware of where she resided and in fact was actively pursuing litigation to evict her from the residence. See Veillon v. Veillon, 517 So. 2d 941 (La.App. 3 Cir.1987), bearing Number 86-256 on the Docket of the Third Circuit, Court of Appeal rendered on this date.
In this case, the trial judge found that domiciliary service had been properly effected at the address plaintiff listed on her pleadings and motions filed in the proceedings, which was her mother's address. In the case of Quinn v. O'Neil, 121 So. 377 (La.App.1929), the court found that where domiciliary service was effected by leaving the citation with plaintiff's mother at his mother's address, which plaintiff had given on one occasion as his residence, while the plaintiff actually resided elsewhere with his family, that the service of process was null and of no effect.
The Second Circuit reached a similar result in the case of Spinks v. Caddo-Bossier Services, Inc., 270 So.2d 604 (La.App. 2 Cir.1972), which involved a plaintiff whose mother-in-law was served at her residence with process for the plaintiff after the plaintiff gave her mother-in-law's address to the defendant at the time she entered the contract. The court annulled the default judgment against the plaintiff, noting that:
"[T]here are many reasons a person might list an address for mailing or other purposes other than their actual dwelling house or place of abode. In any event, valid domiciliary service depends on the actual and true facts at the time of service and not on information furnished by the defendant at some time prior to service." (Emphasis added.) Spinks v. Caddo-Bossier Services, Inc., 270 So.2d 604, at page 607 (La.App. 2 Cir.1972).
Although plaintiff listed her mother's address on all of her pleadings, which she used as her mailing address, the actual fact was that at the time of the attempted service of the trial notice she resided at the former matrimonial domicile. Since valid domiciliary service depends on the actual situation at the time service was attempted, it cannot be said that plaintiff was properly served with notice of trial. Even knowledge of a suit brought to the party's attention in any other way will not cure a defective citation. Bertoulin v. Bourgoin, 19 La.Ann. 360 (1867). Here, there was not any evidence that the trial date scheduled for December 5, 1985 was ever brought to plaintiff's attention before the trial.
The record further does not show that the affidavit of the private person who allegedly served the trial notice was ever amended. Moreover, even if it could be considered, as is argued to this court by defendant in his brief, that the evidence introduced at the time of the hearing of the motion for a new trial had amended the affidavit of the private process server such amendment would not cure the lack of compliance with La.C.C.P. Art. 1234 which requires that domiciliary service be made "at the dwelling house or usual abode of the person to be served ..." A return of service cannot be amended if "material prejudice would result to the substantial rights of the party against whom the process issued." La.C.C.P. Art. 1292; Tommaseo v. Tommaseo, 425 So.2d 938 (La. App. 1 Cir.1983). For these reasons we do not find that the affidavit of the private process server has ever been amended.
We find that the trial judge was manifestly wrong and clearly in error in finding that notice of the trial scheduled for December 5, 1985 had been domiciliary served on the plaintiff. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The plaintiff was absent from the trial on the merits because she did not receive notice of the trial date as required by law and as ordered, in this case, by the court. In *941 the case of Hicks v. Schouest, 381 So.2d 977 (La.App. 4 Cir.1980), the court held that where a defendant was absent from trial after filing an answer because he did not receive notice of trial, he was deprived of the opportunity to present his case and was entitled to a new trial, by virtue of constitutional guaranties of fundamental fairness and right of access to courts. We find that the plaintiff is entitled to a new trial, based on the fact that she was deprived of her rights to due process because of failure to receive a notice of trial. LSA-C.C.P. Art. 1571; LSA-Const. Art. 1, § 22.
In view of our finding that plaintiff is entitled to a new trial because she did not receive notice of the trial of which judgment was rendered against her, it is not necessary for us to address the plaintiff's third assignment of error.
As to the trial judge's sustaining of defendant's exception of improper use of a summary proceeding to annul the judgment rendered on December 5, 1985, we find no manifest error. Plaintiff proceeded by rule to show cause in her attempt to annul the judgment. Annulment of judgment is not a proceeding which may be disposed of summarily under the provisions of law. See LSA-C.C.P. Art. 2592. An action for nullity must be instituted as an ordinary proceeding and requires citation and service. Billiot v. Sea Life, Inc., 384 So.2d 1023 (La.App. 4 Cir.1980); Columbia Radio and Supply Company v. Jordan, supra. Since plaintiff attempted to institute an action to annul a judgment by a summary proceeding, the trial judge was correct in sustaining defendant's dilatory exception of improper use of summary process.
For the foregoing reasons, we affirm the trial court's decision as to the sustaining of defendant's dilatory exception of improper use of summary process seeking to annul the judgment rendered against her on December 5, 1985. We reverse the judgment of the trial court denying plaintiff's motion for a new trial and set aside the judgment of divorce rendered on December 5, 1985 in favor of the defendant and against the plaintiff and remand this matter to the trial court for a new trial.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.