550 So.2d 677 (1989)
BURDINE & ASSOCIATES, INC., Plaintiff-Appellant,
v.
J.S. NOEL, Defendant-Appellee.
No. 20639-CA.
Court of Appeal of Louisiana, Second Circuit.
August 23, 1989.
Loridans & Loridans by Henri Loridans, Bossier City, for plaintiff-appellant.
Hal V. Lyons, Shreveport, for defendant-appellee.
Before MARVIN, SEXTON and NORRIS, JJ.
MARVIN, Judge.
Burdine & Associates, Inc., plaintiff-realtor, appeals an order that set aside a default judgment in its favor against Noel for a $3,000 appraisal fee. The default judgment, signed on February 23, 1988, was set aside on September 1, 1988, after the City Court heard the rule to show cause that was filed by Noel on June 27, 1988, and overruled the exception that was filed by Burdine & Associates that Noel's use of a summary proceeding was unauthorized. C.C.P. Art. 926(3).
The exception of unauthorized use of summary process should have been sustained. C.C.P. Arts. 2592; 2002-2004. An action to annul a judgment must be instituted as an ordinary proceeding which requires citation and service. Veillon v. Veillon, 517 So.2d 936 (La.App. 3d Cir. 1987), writ denied.
We reverse and render judgment sustaining the exception and dismissing Noel's rule.
Noel's reliance on language in Leidig v. Leidig, 187 So.2d 201 (La.App. 3d Cir.1966); and Muller v. Michel Lecler Inc., 266 So.2d 916 (La.App. 4th Cir.1972), is misplaced. In each case, the action to annul a judgment was separately instituted by ordinary process. The listing in C.C.P. 2592 categorizing actions that may be instituted by summary process is exclusive and not illustrative. Summary process is not authorized unless an action falls within one of the 10 listed categories of C.C.P. 2592 or is otherwise authorized by law. State, Dept. of Hwys. v. Lamar Adv. of La., Inc., 279 So.2d 671, 678 (La.1973), interpreting what is now C.C.P. 2592(11).
The order of the trial court overruling the exception and setting aside the default judgment is reversed. The exception of unauthorized use of summary proceeding is sustained and the rule of Noel is dismissed without prejudice at Noel's cost.
REVERSED AND RENDERED.