KLEES, Judge.
This appeal arises out of a dispute between Kwik-Kopy Corporation and one of its franchisees, Wilbur Sentilles, over the right to possession of certain equipment leased by Mr. Sentilles for use in his business. In April of 1984, the parties entered into a Franchise Agreement by which Mr. Sentilles became the operator of a Kwik-Kopy instant printing and reproduction center. Sentilles also executed an Equipment Lease with Taban Leasing Corporation (now merged into Kwik-Kopy Corporation) in which he agreed to make monthly rental payments on certain equipment he had chosen for the operation of the business. Sentilles made regular monthly rental payments until July of 1988.
Sentilles continued in possession of the equipment even though he was not making regular rental payments. On June 30, 1991, the Equipment Lease expired by its *1135 own terms. Shortly thereafter, Kwik-Kopy offered Mr. Sentilles a refinancing package by which Mr. Sentilles could purchase the leased equipment and refinance his total indebtedness to Kwik-Kopy by agreeing to pay the total of the unpaid rentals for the full term of the lease (approximately $34,000.00) plus an additional payment of $3,990.73 designated as buyout, plus various other sums owed under the Franchise Agreement. Mr. Sentilles rejected this package. In October of 1991, Mr. Sentilles filed suit against Kwik-Kopy seeking damages for its alleged failure to live up to its obligations under the Franchise Agreement. Essentially, the petition accuses Kwik-Kopy of fraudulent misrepresentation in that it failed to provide its franchisee with the business program, “know-how” and other technical and business information as promised in the Franchise Agreement.
On June 19, 1992, Kwik-Kopy served plaintiff Sentilles with written notice of the cancellation of the Equipment Lease and a demand that he surrender the leased property within five days pursuant to La.R.S. 9:3321. When Mr. Sentilles failed to surrender the equipment, Kwik-Kopy filed a Rule to Show Cause under R.S. 9:3322, which provides for a summary proceeding to determine the lessor’s right to possession of a leased movable.
Defendant’s rule was set for hearing on August 3, 1992 in the Civil District Court for the parish of Orleans. The hearing was initially allocated to the duty judge, who determined, after meeting with counsel, that it was not properly a duty judge matter and therefore should be heard by the judge sitting in the division to which the entire action between the parties had been assigned. Because the presiding judge of that division was on vacation, and R.S. 9:3322 requires that the rule be heard within five days of the order setting it for hearing, another civil district court judge who was substituting in that division decided to hear the rule. Plaintiff applied to this Court for supervisory writs on the grounds that the substitute judge had no authority to hear the rule. The application for writs was denied on August 3, 1992.
The district court heard the rule and rendered judgment in favor of Kwik-Kopy on August 5, 1992, ordering plaintiff to surrender the leased equipment. Plaintiff has appealed suspensively from this judgment.
On appeal, plaintiff argues that the trial court erred in: (1) Setting the rule for hearing and proceeding with it in the absence of the presiding judge in the division to which the case was assigned; (2) Failing to consider parol evidence on the issue of plaintiff's right to purchase the leased equipment; and (3) Failing to recognize defenses raised by plaintiff which he contends would excuse him from liability for his failure to make rental payments. We find no merit in these arguments.
Plaintiff cites no authority for his argument that the hearing of defendant’s rule by a judge other than the one who normally presides over Division B (to which the case was assigned) somehow violated the Local Rules of the Civil District Court. We find that the district court followed its ordinary summer session procedure, which procedure is not in violation of the Local Rules. Plaintiff’s reliance on Local Rule 3, § 3 is misplaced, as the case was not heard by the duty judge. Rule 6, § 5 states, “Any proceeding following an order signed by the duty judge shall be heard by the judge to whom the case has been allotted.” In this instance, defendant’s rule was heard by the judge presiding for that week over the division to which the case had been allotted. We do not read Rule 6, § 5, as requiring that the exact same judge who was presiding over the division at the time the case was assigned must hear every incidental matter; to do so would deprive the civil district court judges of any vacation or free time. In our view, the only logical meaning of Rule 6, § 5 is that after any action by the duty judge, the case is returned to its original division. Here, the matter was heard by the judge sitting in that division at the time. If the court had put off hearing the matter until the vacationing judge had returned, its action would have violated R.S. 9:3322, which re *1136 quires a hearing within five calendar days of the order, and defendant would have been deprived of his right to a summary proceeding. We therefore find that the district court acted properly under the circumstances.
We also find no merit in plaintiffs second argument that the trial court erred in refusing to accept evidence concerning his right to purchase the leased equipment at the termination of the lease. Plaintiff contends that a sales representative of Kwik-Kopy orally represented to him that he would be able to purchase the equipment at the end of the lease. The trial judge refused to consider this parol evidence to vary the terms of the written lease, which is clearly a straight lease with no buy-out or refinancing provisions. Paragraph 8 of the lease provides, “No title or right in said equipment shall pass to Lessee.... Upon the termination of the lease term herein provided, or as may be renewed in writing, Lessee shall immediately return said equipment to Lessor....” Paragraph 15 provides “No oral agreement, guaranty, promise, condition, representation or warranty shall be binding.” Finally, Paragraph 21 states “This Instrument and Schedule “A” attached hereto, constitute the entire agreement between the parties hereto ... and this Agreement shall be modified or amended only in writing duly executed by the parties hereto.”
To get around the unequivocal terms of the lease, plaintiff argues that the alleged oral agreement does not modify the lease, but is a separate agreement concerning what happens to the property after the lease has terminated, a subject about which he claims the lease is silent. In support of this argument, plaintiff relies upon a sentence in Kwik-Kopy’s prospectus which states that Kwik-Kopy “may” offer lease financing to the franchisee for the procurement of equipment. The problem with plaintiffs argument is that Kwik-Kopy did offer plaintiff a refinancing package which included a buyout of the equipment at the time the lease terminated, but plaintiff rejected that package. There is no evidence to support plaintiffs theory that Kwik-Kopy is obligated to sell plaintiff the leased equipment on plaintiffs terms. Kwik-Kopy was willing to sell plaintiff the equipment if plaintiff agreed to pay the rentals due, which are clearly owed under the lease. We therefore reject plaintiffs argument that the trial judge erred in refusing to consider the parol evidence.
Plaintiffs final argument is that the trial court erred in refusing to recognize the defenses raised by him with regard to his failure to make rental payments on the equipment. Specifically, plaintiff argues that his obligation to make rental payments is offset by Kwik-Kopy’s obligation to pay him damages for its alleged bad faith breach of the Franchise Agreement, which is the basis of plaintiff’s lawsuit against Kwik-Kopy.
We agree with the trial court that plaintiff’s defenses based upon the Franchise Agreement have no place in a summary proceeding for the return of the leased equipment under the Equipment Lease. The only issue to be decided by the trial court in the summary proceeding was the right to possession of the equipment. There is no question that the lease has terminated and that plaintiff has no right or title to the equipment. Therefore, the lower court correctly held that defendant has the right to possession. Plaintiff’s claim for damages, which will be litigated in the ordinary proceeding, is not at issue here. Louisiana law does not permit the use of unliquidated claim for damages to offset a liquidated debt. See American Bank v. Saxena, 553 So.2d 836, 844-46 (La.1989).
Therefore, for the reasons stated, we affirm the judgment of the trial court, with costs to be borne by appellant.
AFFIRMED.