649 So.2d 1 (1994)
Michael Ray McTURNER, Plaintiff-Appellee,
v.
Kim Mathieu McTURNER, Defendant-Appellant.
No. 26123-CA.
Court of Appeal of Louisiana, Second Circuit.
September 21, 1994.
Order Denying Rehearing October 26, 1994.
Writ Denied January 27, 1995.
*2 McLeod, Verlander, Eade & Verlander by Paul J. Verlander, Robert P. McLeod, Monroe, for defendant-appellant.
Paul Henry Kidd, Jr., Monroe, for plaintiff-appellee.
Before SEXTON, J., JONES, J. Ad Hoc, and PRICE, J. Pro Tem.
PRICE, Judge Pro Tem.
In this rule for child support, the trial court awarded Kim McTurner $2,838 per month for child support retroactive to the filing of her petition, and credited Michael McTurner's retroactive child support obligation with $2,000 of the $2,250 monthly "lease payments" he made to Kim pursuant to the parties' community property settlement agreement.
Kim appeals the portion of the trial court judgment awarding Michael a credit on his child support obligation for certain lease rentals payable to her under the community property settlement contract. She primarily contends the court erred in allowing evidence contradicting the provisions of the property agreement in this summary proceeding brought by her for child support. She also contends the court, after allowing the evidence, erred in finding the true intent of the parties was to consider the lease payments under the contract to in fact be child support payments. She further contends the child support award was inadequate because the court erred in calculating Michael's true income.
Michael answers the appeal alleging that the trial court erred in failing to award the income tax dependencies for the two minor children to either parent; in failing to award him credit as stipulated by the parties for amounts he paid for extraordinary expenses of the children; in crediting him with only $2,000 of the $2,250 monthly payments he made, rather than the entire $2,250; and in failing to reduce the amount of child support he owes during the summer months when he has physical custody of the children.
We find the trial court erred in permitting evidence to contradict the express provision of the property settlement agreement in this summary proceeding relative to child support and we therefore reverse the portion of the judgment awarding a credit to Michael for the amounts provided as lease rental under the property agreement. Because the trial court failed to award either parent with the income tax dependencies for the two children, or to incorporate into its judgment stipulations by the parties crediting the father with extraordinary expenses of the children that he paid, we remand to the trial court for determinations as to these issues. We do not find that the trial court erred in failing to reduce Michael's child support obligation during the summer, and affirm the remainder of the trial court judgment.

FACTS
After the parties separated on April 5, 1990, they executed a community property settlement agreement on May 29, 1990, in which they agreed that Kim would lease "her share of the Computer Access and Data, copying machine, and other office equipment," to Mike McTurner's Dealers Auto Auction, Inc. for $2,250 per month until November 15, 1993. The divorce judgment, dated February 14, 1991, which awarded Kim *3 custody of the minor son and Michael custody of the minor daughter pursuant to their joint custody plan, did not provide for child support. Sometime after the divorce, both children came to live with Kim. She then filed a rule for change of custody and for child support on July 2, 1992. Judgment was awarded by consent giving Kim custody of both children.
On the day prior to the date fixed for hearing of the child support rule, Michael filed a pleading styled Exception of No Cause of Action and Affirmative Defense of Estoppel and Compromise. In this filing he raised the issue of whether he should be given credit for the amounts paid as rent to Kim under the community partition agreement. On the succeeding day but prior to the beginning of the trial of the rule, Kim filed an opposition to the exception and affirmative defense made by Michael as being improper in a summary proceeding. The trial court did not rule on this opposition prior to the taking of evidence and referred all evidentiary rulings to the conclusion of evidence.

SUMMARY PROCEEDING
Michael now contends in brief to this court that Kim failed to file a formal exception to the improper use of summary proceedings before the beginning of trial and that this issue is now waived under C.C.P. Art. 924 and the decision of this court in Boyd v. Boyd, 499 So.2d 164 (La.App. 2d Cir.1986). We find this argument to be misplaced. In the event that it could be said that a plaintiff in a summary proceeding must file a responsive pleading to an exception filed by a defendant, the written memorandum filed by Kim in this instance projects her opposition to the injection of improper issues into the summary proceedings more thoroughly than a formal exception. Her opposition is expressed as follows:
This agreement contains a number of other provisions whereby the parties settled the division of their community and whereby Kim McTurner relinquished certain interests and afforded certain rights to Michael McTurner. The above-quoted provisions of the document are unquestionably clear on their face. Consequently, under Civil Code Article 2046, no further interpretation may be made in search of the parties' intent. See Louisiana Civil Code Article 2046 ("When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent.").
Initially, Kim McTurner would note that, to the extent Michael McTurner is alleging some breach of the terms of the community property settlement by her or some defect in that agreement, his remedy is clearly limited to an ordinary proceeding to enforce, modify, or set aside that agreement, on whatever basis he can in good faith allege. Just as clearly, he is not entitled to attempt to enforce, modify, or set aside a community property settlement agreement in the form of an answer to a summary proceeding for child support, filed one day before the trial of the said rule, which has been pending for nearly nine months.
Having found that Kim has timely opposed the defense projected by Michael in the summary proceeding, we will now consider the correctness of this opposition.
Summary proceedings are those which are conducted with rapidity, within the delays allowed by the court, and without citation and the observance of all the formalities required in ordinary proceedings.
C.C.P. Art. 2591.
C.C.P. Art. 2592 lists the eleven types of matters where summary proceedings may be used for trial or disposition. Included is:
The original granting of, subsequent change in, or termination of custody, visitation, and support for a minor child; support for a spouse; injunctive relief; support between ascendants and descendants; use and occupancy of the family home or use of community movables or immovables; or use of personal property.
The right to resort to summary proceedings cannot be extended beyond the cases expressly authorized by law. The statutory listing categorizing actions that may be instituted by summary process is exclusive, not illustrative. Burdine & Associates, Inc. v. Noel, 550 So.2d 677 (La.App. 2d Cir.1989).
In essence what Michael asked the trial court to do in a summary child support proceedings was to reform a provision of a complex property partition and settlement *4 agreement to show that the provision was not intended to have the same meaning as that clearly expressed in the contract. This is impermissible in a summary proceeding brought solely to obtain an award for child support. Although Michael argues that his exception and affirmative defense is not an attack on the disputed provision of the property settlement agreement but is intended to only establish the true intent of the parties in inserting this provision in the agreement, it has the effect of reformation of the provision. This should be done in an ordinary proceeding. To allow the injection of the complex issue into the summary proceeding on the day before the date the rule to show cause was fixed for hearing was patently unfair to the plaintiff in rule. This goes against the very spirit and purpose of the summary proceeding as expressed in C.C.P. Art. 2591 that summary proceedings are to be conducted with rapidity.
In Thibodeaux v. Duos, 343 So.2d 441 (La. App. 3d Cir.1977), an action for past due alimony where the defendant attacked the validity of the judgment awarding alimony, the court stated:
The issue of the validity of the judgment of separation was not properly before the trial court. Articles 2001-2006 of the Louisiana Code of Civil Procedure provide instances in which the validity of a judgment may be attacked. In all such situations, an ordinary proceeding must be brought therefor. Columbia Radio & Supply Co. v. Jordan, 215 So.2d 553 (La.App. 4th Cir. 1968). In a summary proceeding such as this, there may be a disposition of certain matters only, of which the contestability of a judgment is not included. C.C.P. Art. 2592. Duos seeks a collateral attack of the judgment of separation. Clearly he cannot do so. The trial court correctly ruled against the defendant in this connection.
Meunier v. Meunier, 437 So.2d 370 (La. App. 4th Cir.1983), is another example where the court precluded a party against whom a child custody and support order had been rendered from attacking this judgment in a subsequent summary proceeding for an increase in and past due child support.
In Sentilles v. Kwik-Kopy Corp., 618 So.2d 1133 (La.App. 4th Cir.1993), the court stated:
We agree with the trial court that plaintiff's defenses based upon [contract,] the Franchise Agreement [, regarding the lessee's alleged right to purchase the leased equipment at the termination of the lease] have no place in a summary proceeding for the return of the leased equipment under the Equipment Lease. The only issue to be decided by the trial court in the summary proceeding was the right to possession of the equipment. There is no question that the lease has terminated and that plaintiff has no right or title to the equipment. Therefore, the lower court correctly held that defendant has the right to possession.
In Citizens Bank & Trust Co. v. Carr, 583 So.2d 864 (La.App. 1st Cir.1991), writ denied, the court stated:
A summary action for eviction involves the single issue of whether the owner is entitled to possession of the premises. Roussel v. Dalche, 158 La. 742, 104 So. 637 (1925). An occupant cannot defeat the owner's right to summary action for eviction by injecting therein issues foreign to the one issue involved and thereby converting the summary proceeding into an ordinary proceeding. See Vicknair v. Watson-Pitchford, Inc., 348 So.2d 695 (La. App. 1st Cir.1977). In Vicknair we ruled that the lessee could not assert as a defense to the summary eviction proceeding any flaws in the owner's title.
We find that Michael's affirmative defense based upon the community property settlement agreement has no place in this summary proceeding. Accordingly, we reverse the credit that the trial court awarded to Michael for payments made to Kim pursuant to the community property settlement agreement.

CHILD SUPPORT
The trial court found Michael's annual income to be $117,000. To this figure, the trial court added $27,000 paid by Michael to Kim in accordance with the community property settlement agreement, and $5,850 which the trial court determined to be Michael's personal attorney fees paid by the corporation. The trial court rejected the various *5 other increases Kim sought to add to Michael's gross income.
Kim contends that Michael's taxable income does not provide a reliable indicator as to his gross income, and the trial court excluded several aspects of his true earnings: tax-free sub-S income, building depreciation, inappropriate paper corporate losses, corporate depreciation, life insurance benefits, and the use of a boat and vehicle purchased by the corporation. She suggests that $18,379 is a more accurate calculation of Michael's monthly income than the $12,487 figure used by the trial court.
"Gross income" means:
(a) The income from any source, including but not limited to salaries, wages, commissions, bonuses, dividends, severance pay, pensions, interest, trust income, annuities, capital gains, social security benefits, worker's compensation benefits, unemployment insurance benefits, worker's compensation benefits, disability insurance benefits, and spousal support received from a preexisting spousal support obligation.
(b) Expense reimbursement or in-kind payments received by a parent in the course of employment, self-employment, or operation of a business, if the reimbursements or payments are significant and reduce the parent's personal living expenses. Such payments include but are not limited to a company car, free housing, or reimbursed meals; and
(c) Gross receipts minus ordinary and necessary expenses required to produce income, for purposes of income from self-employment, rent, royalties, proprietorship of business, or joint ownership or a partnership or closely held corporation. "Ordinary and necessary expenses" shall not include amounts allowable by the Internal Revenue Service for the accelerated component of depreciation expenses or investment tax credits or any other business expenses determined by the court to be inappropriate for determining gross income for purposes of calculating child support.
. . . . .
L.R.S. 9:315.
Because we found that the trial court erred in considering the community property settlement agreement in this summary proceeding, we subtract the $27,000 that the trial court included in Michael's income after it concluded that this amount constituted child support. Because Michael does not complain about the inclusion of the $5,850 in attorney fees in his answer to the appeal, we do not address this issue. C.C.P. Art. 2133. The trial court apparently accepted the testimony of Michael's CPA with regard to the amount of his income, and concluded that Kim failed to prove any of these additional expenses that she alleges should be included in Michael's gross income. We do not find that the trial court was clearly wrong in accepting this testimony, and we find that the trial court did not abuse its discretion in calculating Michael's income.
Kim contends that the trial court erred in finding her to be voluntarily underemployed, and adding an additional $1,000 to her monthly salary.
If a party is voluntarily unemployed or underemployed, child support shall be calculated based on a determination of his or her income earning potential ...
L.R.S. 9:315.9.
The trial court stated, "Although it appears that Kim's new business is not reflecting a normal profit at this time, her income earning potential is greater than $463.00 per month." We do not find that this determination is an abuse of trial court discretion.
Kim also contends that the trial court erred in calculating the private schooling, tutoring, and transportation costs for the children to be $475 per month, instead of $575. Although Michael addresses this issue in his brief, he did not include this issue in his answer to the appeal. C.C.P. Art. 2133. We do not find that the trial court undercalculated the children's expenses, especially considering that the daughter's expenses were not recurring.
Michael contends that the trial court erred in failing to award the income tax dependencies for the two minor children to either parent.

*6 The amounts set forth in the schedule in R.S. 9:315.14 presume that the custodial or domiciliary party has the right to claim the federal and state tax dependency deductions and any earned income credit....
L.R.S. 9:315.13.
We agree with Michael that the trial court erred in failing to make this determination, and we remand to the trial court for this determination. We further instruct the trial court to credit Michael with the stipulated expenses of the children that he has paid.
Michael further contends that the trial court erred in failing to reduce his child support obligation during the summer months when he has custody of the children. L.R.S. 9:315.8 E. We find no error, and affirm this portion of the trial court judgment.
Michael complains in his brief that his income and the extraordinary expenses of the children were both set far too high. Although he did answer the appeal, he again did not make these specific complaints in his answer, "stating the relief demanded," and is therefore precluded from raising them on appeal. C.C.P. Art. 2133.

CONCLUSION
We reverse paragraph three of the trial court judgment which granted Michael McTurner an off-set against accrued child support from July 2, 1992 by giving him credit for $2,000 of each $2,250 payment made to Kim McTurner under their property settlement agreement since July 2, 1992; and
For the reasons expressed herein we have recalculated the amount of child support payable monthly by Michael McTurner to be the sum of $2,373 per month and the judgment is amended in this respect; and
We remand to the trial court for a determination and designation of which party is to be awarded the income tax dependencies for the two children and for calculation of expenses paid for the children by Michael McTurner since the filing of the rule on July 2, 1992 as stipulated by the parties and to allow him credit for these amounts. We affirm the remainder of the judgment appealed.

DECREE
At Mr. McTurner's cost, the judgment appealed is REVERSED in part, AFFIRMED in part, and REMANDED.

ON APPLICATION FOR REHEARING AND MOTION TO RECUSE

ON MOTION TO RECUSE
Before SEXTON, LINDSAY and BROWN, JJ., and PRICE, J. Pro Tem.

ON REHEARING APPLICATION
Before SEXTON, LINDSAY and BROWN, JJ., JONES, J. Ad Hoc, and PRICE, J. Pro Tem.
PER CURIAM.
Considering applicant's petition for rehearing and motion to recuse the panel which rendered the original opinion herein on September 21, 1994, and to have that opinion recalled, and to have this appeal assigned to a different panel of judges for appeal and/or rehearing, in the light of the record and of CCP Arts. 151, 160 and 161, this court finds and rules as follows:
1. The appeal in this domestic dispute was granted on August 17, 1993, the record in which was lodged in this court on December 13, 1993. Judge Benjamin Jones, Fourth Judicial Judge, was assigned to sit on the cases docketed for hearing on the week of August 15, 1994, in the place of Judge Felicia T. Williams of this court who was assigned to sit on the Supreme Court of Louisiana during that time. Judge Jones was a member of the panel hearing the appeal in this case which was orally argued by the respective counsel for appellant and appellee. This appeal did not involve a ruling by J. Jones, sitting as a District Judge.
2. Before J. Jones was assigned to this court, he sat on a rule in the district court under the same district court docket number, the circumstances of which were stipulated by the respective counsel for the litigants wherein a judgment was signed by J. Jones on April 12, 1994, which is referred to in the petition for rehearing and the motion to recuse. The judgment appealed to this court was signed on August 9, 1993, in contested proceedings in the Fourth Judicial Court by District Judge John R. Harrison.
*7 3. The judgment signed by J. Jones on April 12, 1994, concerns no rulings made in the judgment signed by J. Harrison on August 9, 1993, which was appealed to this court.
4. CCP Art. 151 contains mandatory grounds for recusal in section A and discretionary grounds in section B. Without deciding that the "cause" appealed to this court in August 1993 was the same "cause" in which J. Jones signed the stipulated judgment in April 1994, the judgment of April 12, 1994, expressly provided that "this stipulated judgment shall affect child support as owed from November 15, 1993, forward only, and shall have no effect whatsoever on the parties respective appeals as filed in the Second Circuit appellate case as seen in McTurner v. McTurner, Docket # 26,123, the ruling of which the parties have yet to receive."
5. The mover-petitioner has not shown or suggested bias or prejudice by the mere fact of J. Jones being assigned to the panel in this appeal. J. Jones is presumed to honor his oath of office as a Judge. There is no appearance of impropriety shown by petitioner-mover in these circumstances.
This court therefore denies the motion to recuse either or both J. Jones and either the original or rehearing panel that considers the application for rehearing.
J. Jones does not participate in the hearing on the motions to recuse, but joins the other members of the rehearing panel that considers the petition for rehearing after the motions to recuse are denied.
Considering the merits of the petition and arguments for rehearing, this court denies the petition for rehearing.
ON MOTIONS TO RECUSE: SEXTON, LINDSAY and BROWN, JJ., and PRICE, J. Pro Tem., concur.
ON PETITION FOR REHEARING: SEXTON and LINDSAY, JJ., JONES, J. Ad Hoc, and PRICE, J. Pro Tem., concur.
BROWN, J., would grant rehearing.