BBROWN, C.J.,
Defendant/lessee, John Bass, suspen-sively appeals from a judgment evicting him from a house owned by plaintiff/lessor, Derrick Williams. We affirm.

Facts

Williams is the owner of a house located at Route 2, Box 128, Newellton, Louisiana. On November 29, 2000, Williams leased this home to Bass for one year beginning on December 1, 2000, and ending December 1, 2001. A copy of a Lease Rental Agreement signed only by Bass was filed into evidence by Williams. Included in this agreement was an “Option to Purchase” the leased property “at any time during the term of this lease.” The consideration for the option was the payment of $942 each month. If the option was exercised, the cost of the property would be “The Payoff Price of the Mortgage”.
Bass continued to occupy the home after December 1, 2001. On April 17, 2002, Williams wrote Bass a letter stating in part that Williams had received payment of the rent for January 2002 but not for February, March, or April, 2002. Williams demanded payment of rent and late fees for these months within ten days or else Williams would institute eviction proceedings.
The record next contains an undated notice of eviction from Williams to Bass ordering him to vacate the premises within ten days or formal eviction proceedings would commence. On May 1, 2002, Bass’s lawyer wrote to Williams and stated that “Mr. Bass desires to enter into a Purchase Agreement with you to buy the residence ... I understand that any pending | ¡.eviction proceedings will be held in abeyance during the course of these negotiations.”
On July 5, 2002, Williams filed a rule to evict Bass from the premises for failure to comply with the written notice to vacate. The matter was continued several times. Trial on this matter was held on October 9, 2002. The court minutes reflect that Williams was present at trial representing himself; he testified and introduced into evidence the lease agreement, his April 17, 2002, letter to Bass, and the undated notice to vacate. The minutes indicate that Williams testified that Bass failed to pay rent “since February of 2002.” Bass was unable to attend the trial for medical reasons but the court agreed to hold the matter open until Bass was available. The minutes next reflect that Bass and another witness, Lamont Bass, appeared and testified at the continuation of the trial on October 23, 2002. The minutes do not reflect the substance of their testimony. Neither party requested that the court proceedings be transcribed, and there is no trial transcript.
On October 28, 2002, Bass filed an answer under oath to the petition. In his answer, he asserted:
I. [Defendant and his family are occupying the residence ... upon the representations of Tony Baldwin, the son-in- *82 law of the plaintiff, Derrick Williams, that plaintiff, Derrick Williams, would deal in good faith in negotiating the sale of the residence at issue in this case to the defendant. Tony Baldwin, plaintiffs son-in-law, also arranged the loan specifically for plaintiff to purchase this residence which was once owned by the defendant with the understanding that plaintiff would sell the residence to defendant after good faith negotiations which would include applying rent payments toward the purchase price.
II. Defendant has done about $6,000.00 ... in repairs on the residence and paid $12,000.00 ... as rent for this residence. | «III. Defendant further shows the court that the plaintiff has failed to communicate with defendant and failed to negotiate a purchase price for the residence at issue in good faith. The defendant shows the court that to permit defendant to evict under these circumstances allows the court to be used to enforce an obligation to the detriment of the innocent defendant.
On October 30, 2002, the trial court signed a judgment evicting Bass from the home. The trial court found that Bass had not paid his rent after January 1, 2002, and that notice to vacate was given. It further held that the matters raised in defendant’s post-trial answer were not before the court in the present posture of the case. Bass now appeals.

Discussion

Standard of Review

The factual findings of a trial court will not be disturbed absent manifest error. Powell v. Regional Transit Authority, 96-0715 (La.06/18/97), 695 So.2d 1326; Rosell v. ESCO, 549 So.2d 840 (La.1989). To reverse the trial court’s factual findings, the appellate court must find from the record that no reasonable factual basis exists for the findings and must determine that the record establishes the findings as clearly wrong or manifestly erroneous. Stobart v. State through Department of Transportation and Development, 617 So.2d 880 (La.1993).

Lease Agreements

Leases may be made by either written or verbal contract. La. C.C. art. 2683. To be valid, a contract of lease must have three essential elements, the thing, the price, and consent. La. C.C. art. 2670.
|4On appeal, Bass urges that the trial court erred in failing to address the issues raised in his post trial answer regarding the option to purchase the property, credit toward purchase for rent paid, and reimbursement or other claims Bass might have against Williams.
In Citizens Bank & Trust Co. v. Carr, 583 So.2d 864 (La.App. 1st Cir.1991), writ denied, 588 So.2d 109 (La.1991), cited with approval in McTurner v. McTurner, 26,123 (La.App.2d Cir.09/21/94), 649 So.2d 1, 6, writ denied, 94-2876 (La.01/27/95), 650 So.2d 241, the court stated:
A summary action for eviction involves the single issue of whether the owner is entitled to possession of the premises. Roussel v. Dalche, 158 La. 742, 104 So. 637 (1925). An occupant cannot defeat the owner’s right to summary action for eviction by injecting therein issues foreign to the one issue involved and thereby converting the summary proceeding into an ordinary proceeding. See Vicknair v. Watson-Pitchford, Inc., 348 So.2d 695 (La.App. 1st Cir.1977).
See also Williams v. Reynolds, 448 So.2d 845, 847 (La.App. 2d Cir.1984):
La. C.C.P. Articles 4701 through 4705 provide a summary process for eviction of a lessee by a lessor because the lease has ended due to expiration of its term, or for other lawful cause. It is well *83 settled that a summary action for eviction of a tenant or lessee under these articles involves the single issue of whether the lessor is entitled to receive back possession of the leased premises.
Bass’s answer appears to be a demand for specific performance which should have been filed as a reeonventiona! demand. Further, the answer was not filed until after the trial was completed. The trial court was correct in not considering it in this posture.
After reviewing the evidence in its entirety, we find that although the written lease contract was not signed by Williams, it was offered into evidence by Williams as proof of the agreement between the parties. As [fiSuch, it is valid and enforceable. It provided for a term of one year. When Bass continued to occupy the house after the term expired, it became a month-to-month lease. See La.C.C. art. 2689. The reconductive lease, however, would not include an onerous provision such as an option to purchase. Once the lease is terminated, all unexercised option rights are extinguished. Landau v. Groves, 397 So.2d 866 (La.App. 4th Cir.1981). An option agreement which is part of a lease having a definite term (as in the instant case), is necessarily limited to the term of the lease. Snedegar v. Noel Estate, Inc., 438 So.2d 677 (La.App. 2d Cir.1983), writ denied, 442 So.2d 469 (La.1983). Therefore, upon reconduction of the lease on December 1, 2001, Bass’s unexercised option to purchase terminated.
Williams delivered to Bass a written notice to vacate the house as required by La. C.C. art. 4701. He furnished such notice after mailing Bass the April 17, 2002, letter demanding three months’ worth of overdue rental payments. On July 5, 2002, Williams ultimately filed eviction proceedings against Bass due to his successive nonpayment of rent. La. C.C.P. art. 4731 et seq. All formal requirements for a summary eviction procedure have been met.

Conclusion

On this record, we find neither manifest error of fact nor error of law. Accordingly, the judgment of the trial court is AFFIRMED. Costs of this appeal are assessed to John L. Bass.
AFFIRMED.