JOAN BERNARD ARMSTRONG, Chief Judge.
 

 1Defendants-appellants, Mark A. Peoples and Pyramid Title, LLC, appeal an adverse summary judgment signed on March 30, 2009, in favor of the plaintiffs-appellees, Anthony Jeanmarie and Alcibia Jeanmarie, in the sum of $168,607.72 together with attorney’s fees to be set by the court.
 

 The thrust of the appeal is (1) that Mr. Peoples should not have been held personally liable for a check drawn on the account of his title company and (2) that the summary judgment was granted without adequate discovery and contrary to the law of negotiable instruments.
 

 On August 26, 2005, Mr. Peoples, through his company, Pyramid Title LLC, handled a closing involving Melanie Yvonne Murray as purchaser and the Je-anmaries as sellers of the property located at 2412-14 Independence Street, New Orleans. As part of the transaction, Encore Credit Corporation (“Encore”) funded two loans to Ms. Murray, one in the sum of $104,000.00 and the second in the sum of $26,000.00, each secured by a mortgage from Ms. Murray in favor of Encore. At the closing, check # 3662 drawn on the Pyramid escrow account with AmSouth Bank (now Regions Bank) in the sum of $110,303.86 was made payable to the Jean-maries.
 

 |gMr. Peoples contends that he signed the Pyramid check to the Jeanmaries in his representative capacity. He further alleges that Encore failed to timely fund the $26,000.00 loan, resulting in a shortfall in Pyramid’s account.
 

 Mr. Peoples alleges that in a separate and unrelated closing on the same date, another lender failed to fund the loan, resulting in an additional shortfall in the Pyramid account.
 

 Apparently, the Jeanmaries deposited the $110,303.86 check in their account on November 2, 2005. The delay in making the deposit was related to Hurricane Katrina, but the timing of the deposit is not an issue in this case. On November 4, 2009, the check was returned NSF. Thus, the Jeanmaries property was effectively transferred from them without compensation.
 

 Mr. Peoples alleges that he has been unable to locate his files pertaining to the two transactions since Hurricane Katrina.
 

 Sometime after the Jeanmaries filed this suit, they received an unconditional tender from Encore of $26,000.00, the amount of the previously unfunded second loan. Nevertheless, the Jeanmaries filed a motion for summary judgment seeking to hold Mr. Peoples and Pyramid liable for the entire amount of the NSF check, together with penalties and attorney fees.
 

 At the March 20, 2009 hearing on the motion for summary judgment, the appellants argued that discovery was necessary in order to determine why there were insufficient funds in the Pyramid trust account. Additionally, Mr. Peoples argued that regardless of whatever liability Pyramid might be found to have, he could not be held personally liable. The trial judge ruled in favor of the Jeanmaries in open
 
 *948
 
 court and signed the judgment ten days later. The $168,607.72 awarded to |sthe Jeanmaries represents twice the amount of the NSF check, less the $26,000.00 tendered by Encore, pursuant to La. R.S. 9:2782.
 
 [1]
 

 In a motion for new trial filed on April 9, 2009, Mr. Peoples and Pyramid asserted that Mr. Peoples signed the check in his representative capacity only. Consequently he should not be held personally liable on the check or for the penalties payable under La. R.S. 9:2782. This appeal follows the denial of that motion for a new trial.
 

 Mr. Peoples does not dispute that he is the sole member of Pyramid Title and that he acted as' the attorney/notary in the property transaction underlying this litigation.
 

 It is uncontested that written demand was made on Mr. Peoples and Pyramid in accordance with La. R.S. 9:2782 and that more than fifteen days elapsed thereafter without payment.
 

 The opposition to the motion for summary judgment filed in the trial court on behalf of the appellants does not raise the issue that Mr. Peoples acted only in a representative capacity when he signed the check drawn on the Pyramid trust account. That defense was raised with specificity for the first time in connection with the motion for new trial.
 

 The record contains an undisputed copy of the check in question. It bears the title, “Pyramid Title LLC Escrow Account.” Mr. Peoples does not contest the 14fact that the check bears his signature upon the line entitled “Authorized Signature.”
 

 La. R.S. 10:3-402 concerning signatures affixed in a representative capacity provides as follows:
 

 § 3-402. Signature by representative
 

 (a) If a person acting, or purporting to act, as a representative signs an instrument by signing either the name of the represented person or the name of the signer, the represented person is bound by the signature to the same extent the represented person would be bound if the signature were on a simple contract. If the represented person is bound, the signature of the representative is the “authorized signature of the represented person” and the represented person is liable on the instrument, whether or not identified in the instrument.
 

 (b) If a representative signs the name of the representative to an instrument and the signature is an authorized signature of the represented person, the following rules apply:
 

 (1) If the form of the signature shows unambiguously that the signature is made on behalf of the represented person who is identified in the instrument, the representative is not liable on the instrument.
 

 (2) Subject to Subsection (c), if (i) the form of the signature does not show unambiguously that the signature is made in a representative capacity or (ii) the represented person is not identified in the instrument, the representative is liable on the instrument to a holder in due course that took the instrument
 
 *949
 
 without notice that the representative was not intended to be liable on the instrument. With respect to any other person, the representative is liable on the |Binstrument unless the representative proves that the original parties did not intend the representative to be liable on the instrument.
 

 (c) If a representative signs the name of the representative as drawer of a check without indication of the representative status and the check is payable from an account of the represented person who is identified on the check, the signer is not liable on the check if the signature is an authorized signature of the represented person.
 

 Comment No. 3 of the Uniform Commercial Code Comment found under La. R.S. 10:3-402 shows that La. R.S. 10:3— 402(c) quoted above is the paragraph applicable to the fact situation found in the instant case:
 

 3. Subsection (c) is directed at the check cases. It states that if the check identifies the represented person the agent who signs on the signature line does not have to indicate agency status. Virtually all checks used today are in personalized form which identify the person on whose account the check is drawn. In this case, nobody is deceived into thinking that the person signing the check is meant to be liable. This subsection is meant to overrule cases decided under former Article 3 such as
 
 Griffin v. Ellinger,
 
 538 S.W.2d 97 (Texas 1976).
 

 In the instant case, the check clearly identifies the represented person at the top in boldface and a large font as Pyramid Title LLC as follows:
 

 PYRAMID TITLE LLC
 

 ESCROW ACCOUNT
 

 PH 504-484-0900
 

 4332 CANAL STREET
 

 NEW ORLEANS, LA 701119
 

 The signature line is entitled, “AUTHORIZED SIGNATURE,” a designation not typically found on personal checks. It is patent on the face of the check that Mark Peoples signed as the authorized signatory for Pyramid Title and not in his personal capacity, consistent with La. R.S. 10:3-402(c). There is nothing | (¡subtle, obscure or ambiguous about this. Therefore, we find that the face of the check, at the very least, is sufficient without more to raise a genuine issue of material fact that Mr. Peoples did not sign in his personal capacity.
 

 This conclusion is consistent with the result reached by the Third Circuit in
 
 Boutin v. Rodrigue,
 
 07-566, p. 6 (La.App. 3 Cir. 10/31/07), 969 So.2d 713, 717, where the court examined checks which on their face were analogous to the one at issue in the instant case:
 

 We also note that Boutin contends that the payments made by Rodrigue in his personal capacity support his contentions herein. However, this assertion lacks merit. None of the payments made to Boutin for the purchase of his stock were made by Rodrigue in his personal capacity. It is undisputed that the first payment to Boutin of $2,500.00 was drawn on the account of Café Tee George, not a personal account of Ro-drigue. The two subsequent payments of $5,000.00 and $3,000.00 were made by Rodrigue Studios, L.L.C., which is also a separate legal entity, and not by Ro-drigue in his personal capacity.
 

 However, the plaintiffs contend that Mr. Peoples was required to plead as an affirmative defense the allegation that he signed only in his representative capacity. As he did not do this, the plaintiffs contend that he is barred from doing so for the first time in his motion for a new trial.
 

 
 *950
 
 The party pleading an affirmative defense bears the burden of proof.
 
 Touro Infirmary v. Marine Medical Unit, Inc.,
 
 96-2506 (LaApp. 4 Cir. 5/12/97), 699 So.2d 90, 93. However, we have already found that the check at issue in this case shows on its face that it was the check of Pyramid Title LLC and not the personal check of Mark Peoples. As a matter of law, Mr. Peoples is presumed to have signed in a representative capacity only. Therefore, the burden of proof to show that the parties intended otherwise falls heavily on the plaintiffs. As this burden of 17proof falls upon the plaintiffs, it follows that this cannot be said to be an affirmative defense where the burden of proof would fall upon Mr. Peoples. Moreover, the burden of proof remains with the mov-ant in a motion for summary judgment. La. C.C.P. art. 966 C(2). Despite the legislative mandate that summary judgments are now favored, factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent’s favor.
 
 Willis v. Medders,
 
 00-2507, p. 1 (La.12/8/00), 775 So.2d 1049, 1050, citing
 
 Independent Fire Ins. Co. v. Sunbeam Corp.,
 
 99-2181, 99-2257, pp. 16-17 (La.2/29/00), 755 So.2d 226, 236.
 

 Therefore, at this stage of the proceedings, where we are conducting a
 
 de novo
 
 review of the record, we find that on the face of the record there is, at the very least, a genuine issue of material fact as to whether Mr. Peoples signed the check in his personal capacity.
 

 The plaintiffs also assert a claim of personal liability on the part of Mr. Peoples based on a theory of personal professional negligence, i.e., as a legal professional Mr. Peoples was negligent in issuing the NSF check and a professional is not shielded from personal liability by corporate or LLC status. See
 
 Spano v. Mitchell,
 
 05-2115 (La.App. 1 Cir. 9/15/06), 943 So.2d 1131. However, the record does not reflect that the issue of professional negligence was raised in the summary judgment motion filed by the plaintiffs. There is nothing to indicate that it was argued below. Therefore, it is impossible for this Court at this stage of the proceedings to find that the plaintiffs have borne their burden of proof in this regard.
 

 Our finding of the existence of a genuine issue of material fact concerning the capacity in which Mr. Peoples signed the check drawn on the “Pyramid Title |SLLC Escrow Account,” is fully dispositive of the issue of summary judgment as it pertains to Mr. Peoples.
 

 The trial court also rendered judgment against Pyramid, and Pyramid raises no defense based on the manner in which the check was signed. Its only basis for appeal, as was noted earlier in this opinion, is that at the March 20, 2009 hearing on the motion for summary judgment, the appellants argued that discovery was necessary in order to determine why there were insufficient funds in the Pyramid trust account. Pyramid contends that it was error for the trial court to grant summary judgment against them prior to allowing them time to complete discovery.
 

 The Jeanmaries point out that over two years had elapsed subsequent to the time that counsel for the appellants’ malpractice carrier, Continental Casualty Company (“Continental”) answered the Jeanmaries’ petition and over nine months since the petition was answered on behalf of Mr. Peoples and Pyramid. During this time there is no record of any attempts by the appellants to obtain discovery. It was not until January 12, 2009, when counsel for Mr. Peoples and Pyramid wrote to Mr. Charles McHale concerning the possibility of obtaining information from outside sources in order to reconstruct information
 
 *951
 
 in Mr. Peoples files missing since Hurricane Katrina, that the appellants began discovery efforts.
 

 Summary judgment may be considered even before the parties have completed discovery.
 
 Humphries v. Cooper Truck Center,
 
 40,586, p. 6 (La.App. 2 Cir. 3/8/06), 923 So.2d 940, 944. It is within the trial court’s discretion to render a summary judgment, if appropriate, or to allow further discovery.
 
 Id.
 
 While parties should be given a fair opportunity to present their claim, there is no absolute right |flto delay action on a motion for summary judgment until discovery is completed.
 
 Id.
 

 This Court has described the discretion involved in the decision of whether to grant a continuance to permit further discovery as “wide.”
 
 Chatman v. Thor Offshore Boat Service, Inc.,
 
 410 So.2d 784, 786 (La.App. 4 Cir.1982). The trial court’s decision in this regard should only be reversed upon a showing of an abuse of that discretion.
 
 Id.,
 
 at p. 7, 923 So.2d at 944.
 

 Leake & Andersson, LLP v. SIA Insurance Company,
 
 03-1600 (La.App. 4 Cir. 3/3/04), 868 So.2d 967, cited by appellants, is distinguished from the case at hand in that
 
 Leake
 
 involved a recently filed lawsuit. The present litigation was filed years prior to the hearing on the motion for summary judgment. The appellants were well aware of the issues involved in this litigation and had already received two continuances.
 

 While the appellants may have an interest in pursuing discovery to reveal the conditions which led to the check presented to the Jeanmaries being dishonored by the bank as regards some claim the appellants may theoretically have against a third party, we do not see the relevance of that issue to the claim of the Jeanmaries inasmuch as the check issued to the Jean-maries represents an unconditional promise of payment. La. R.S. 10:3-104. It has been four years since this unconditional promise to pay them was rejected by the bank and payment still has not been made to them.
 

 Moreover, the Jeanmaries contend that the following language found in the affidavit of Mr. Peoples offered in opposition to their motion for summary judgment contains sufficient explanation of why the check was returned NSF such 11flthat further discovery is not necessary for purposes of this litigation, regardless of what rights the appellants hope to discover in the future against third parties:
 

 * * *
 

 3. Encore failed to timely fund the second loan for $26,000, causing a shortfall for the transaction.
 

 4. In addition, the lender for another transaction closed on August 26, 2005, failed to fund a loan commit-mént, creating a shortfall on that transaction.
 

 5. As a result of these shortfalls, there were insufficient funds to cover the check provided to the Jeanmaries in connection with their sale of property on August 26, 2005.
 

 In reviewing all of the factors noted above that the trial judge had before her when she made her decision to deny the appellants request for further discovery, we cannot find any abuse of her wide discretion.
 

 Based on the foregoing, we vacate that portion of the trial court judgment adverse to Mr. Peoples, but affirm that portion of the trial court judgment adverse to Pyramid, and remand to the trial court for further proceedings consistent with this opinion.
 

 VACATED IN PART, AFFIRMED IN PART AND REMANDED.
 

 [1]
 

 . § 2782. Nonsufficient fund checks; damages, attorney fees
 

 A. Whenever any drawer of a check dishonored for nonsufficient funds fails to pay the obligation created by the check within fifteen working days after receipt of written demand for payment thereof delivered by certified or registered mail, the drawer shall be liable to the payee or a person subrogated to the rights of the payee for damages of twice the amount so owing, but in no case less than one hundred dollars plus attorney fees and court costs.