STEWART, J.
 

 |! Plaintiff-Appellant Monroe Housing Authority (“housing authority”) is appealing a judgment denying Defendant-Appel-lee John Coleman’s eviction. We affirm.
 

 FACTS
 

 John Coleman resides in an apartment owned by the Monroe Housing Authority in Monroe, Louisiana. On June 28, 2010, the housing authority mailed Coleman a notice informing him that his lease would not be renewed. On August 6, 2010, Coleman was notified in writing to vacate the premises. The housing authority filed a rule for eviction against Coleman, asserting that his right to occupy the premise has expired due to:
 

 (1) Material noncompliance with this Agreement, material failure to carry out obligations under any State landlord or tenant act, or other good cause.
 

 An eviction notice was attached to the rule for eviction. The housing authority asserted in the rule for eviction that Coleman’s lease agreement was not renewable due to “repeated violations of lease agreement which disrupted the livability of the project and adversely affected [Coleman’s] neighbor’s peaceful enjoyment of the property.”
 

 At trial, the lower court recognized that the housing authority attached an eviction notice to its rule for eviction. However, since the housing authority failed to offer the eviction notice into evidence, the lower court determined that the eviction notice was not evidence it could consider.
 

 More importantly, because no lease was entered into evidence, the lower court determined that the housing authority did not satisfy its burden of proving that a
 
 *873
 
 lease was presented to Coleman and that he failed to sign. |2It also recognized that a witness had testified that Coleman signed all his leases in the past.
 

 The lower court denied the eviction. The housing authority now appeals.
 

 LAW AND DISCUSSION
 

 The housing authority argues in its sole assignment of error that the lower court erred in failing to grant its petition for eviction, since there was no dispute that the lease had expired.
 

 A court may not set aside a trial court’s or . a jury’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong.”
 
 Stobart v. State through Dept. Of Transp. and Dev.,
 
 617 So.2d 880, 882 (La.1993), citing,
 
 Rosell v. ESCO,
 
 549 So.2d 840 (La.1989). To reverse the trial court’s factual findings, the appellate court must find from the record that no reasonable factual basis exists for the findings and must determine that the record establishes the findings as clearly wrong or manifestly erroneous.
 
 Stobart, supra.
 

 The provisions of La. C.C.P. arts. 4701, et. seq, provide a summary process for eviction of a lessee by a lessor because the lease had ended due to expiration of its term, or for other lawful cause.
 
 Williams v. Bass,
 
 37,156 (La.App. 2 Cir. 5/14/03), 847 So.2d 80. It is well settled that a summary action for eviction of a tenant or lessee under these articles involves the single issue of whether the lessor is entitled to receive back possession of the leased premises.
 
 Id.
 

 | ^Housing contends that since the lease expired on July 31, 2010, Coleman had no right to remain in possession of the apartment.
 

 Coleman testified that the lease did not expire on July 31, 2010. Rather, he believed that it expired on August 4, 2010. For some unexplained reason, the housing authority did not offer the lease into evidence.
 

 Sheryl Farmer, who is a supervisor for the housing authority’s retired properties, testified that Coleman had signed his leases in the past. Since there is no evidence showing that any lease had been presented to him in 2010, and that he failed to sign, the lower court did not err in denying the eviction. This assignment is without merit.
 

 CONCLUSION
 

 Finding no manifest error, we affirm the lower court’s judgment. Costs of this appeal are assessed to the Monroe Housing Authority.
 

 AFFIRMED.