TERRI F. LOVE, Judge.
1 jThis appeal arises from the trial court’s dismissal of the rule for possession filed by Guste Homes Resident Management Corporation (“Guste”) based on the criminal activity of Guste resident Renard Thomas. The trial court found that Guste failed to prove that the alleged criminal activity of Renard Thomas threatened the health, safety, or peaceful enjoyment of the premises by Guste residents or staff. Guste alleges that the trial court’s denial of its rule for possession is reversible error. We find that the trial court did not err in denying Guste’s rule for possession as it failed to prove by a preponderance of the evidence that Renard Thomas’ criminal activity threatened the health, safety, or peaceful enjoyment of the premises by Guste residents and staff. For the reasons set forth below, we affirm the trial court’s denial of the rule for possession.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Renard Thomas leased an apartment owned by the Housing Authority of New Orleans (“HANO”). This public housing authority apartment is managed by Guste and is governed by federal and state laws that apply to public housing authority tenancies and their termination.
|RIn May 2011, Guste management received notification from residents that local news media exposed a fellow resident’s arrest for a crime committed at the New Orleans Arena. Upon receiving notice, Guste conducted an independent review of the allegations to determine whether the tenant engaged in activity which breached the lease agreement. The New Orleans Police Department’s incident report indicated that Mr. Thomas was charged with theft in the amount of $2500 and illegal possession of stolen things in the amount of $2500. The report indicated that the crime occurred at the New Orleans Arena near the locker room and was captured by video surveillance during the course and scope of Mr. Thomas’ employment as a photographer.
Guste filed two separate notices to vacate in December 2011: one related to criminal activity and the other related to two other lease violations referenced in the NOPD incident report.[1] In February 2012, Guste filed its rule for possession based on Mr. Thomas’ criminal activity. A trial on the merits of the eviction was held. In its case in chief, Guste presented evidence that Mr. Thomas was convicted of misdemeanor theft in violation of La. R.S. 14:67(B)(3), occurring at the New Orleans Arena, and the testimony of Guste property manager Keywanda Francis.
*989 Ms. Francis testified at trial that one of her duties as property manager is to ensure that tenants comply with Guste’s lease agreement and to determine whether a violation has occurred and if it is cause for eviction. Ms. Francis testified that Guste residents called to report that the local news media covered a story about fellow Guste resident Mr. Thomas for his involvement in a theft at the New Orleans Arena. She further testified that she conducted an independent | ¡¡investigation and reviewed the police incident report. As a result of her investigation, she learned that Mr. Thomas was charged with theft and possession of stolen goods. Ms. Francis further testified that based on this information Guste determined that a violation of the lease occurred and Mr. Thomas was served with a notice of termination of the lease agreement.
During Ms. Francis’ testimony, the trial court asked Ms. Francis to explain how Mr. Thomas’ actions threatened other tenants’ health, safety, and peaceful enjoyment of the premises. Ms. Francis was unable to substantiate her claim that Mr. Thomas’ actions threatened the health, safety, and peaceful enjoyment of the premises of other residents and staff.
On cross-examination, Ms. Francis was asked if Guste received any calls that complained of Mr. Thomas being a threat. Ms. Francis replied, “No, not specifically.” Following Guste’s case in chief, counsel for Mr. Thomas orally moved for involuntary dismissal pursuant to La. C.C.P. Art. 1672(B). Counsel argued that Guste failed to meet its burden of proving that the criminal activity was of such nature to warrant Mr. Thomas’ eviction. The trial court granted Mr. Thomas’ motion concluding that the criminal activity was not a threat to the health, safety, or peaceful enjoyment of the premises of other residents and staff. An appeal to this Court followed.

STANDARD OF REVIEW

A trial court’s granting of an involuntary dismissal pursuant to La. C.C.P. Art. 1672(B) should not be reversed absent manifest error. Kelly v. Housing Authority of New Orleans, 02-0624, p. 6 (La.App. 4 Cir. 8/14/02), 826 So.2d 571, 575. See also Morgan v. City of New Orleans, 94-0874 (La.App. 4 Cir. 12/15/94), 647 So.2d 1308. “The issue to be resolved is not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one.” Id. (citing Stobart v. State, Dept. of Trans. & Dev., 617 So.2d 880, 882 (La.1993)). Additionally,
[t]he reviewing court may not disturb the reasonable evaluations of credibility and reasonable inferences of fact when viewed in light of the record in its entirety even though it feels its evaluations are more reasonable. Even though an appellate court may feel its own evaluations and inferences are more reasonable than the factfinder’s, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in testimony. However, where documents or objective evidence so contradict the witness’ story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable factfin-der would not credit the witness’ story, the court of appeal may find manifest error or clear wrongness even in a finding purportedly based upon credibility determination. If the trial court or jury’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the *990 trier of fact, it would have weighed the evidence differently.
Id. (citations omitted).
Guste contends the trial court committed manifest error when it granted Mr. Thomas’ motion for involuntary dismissal. Additionally, Guste argues that it proved by a preponderance of evidence from which a trier of fact could reasonably conclude that Mr. Thomas engaged in criminal activity that warranted his eviction .pursuant to state and federal law.

MANIFEST ERROR

Guste filed a rule for possession to evict Mr. Thomas alleging that he committed theft and possession of stolen property. The rule for possession alleged that the criminal activity amounts to a violation of the “One Strike and You’re Out” policy.[2] Under federal law, a housing authority tenant may only be evicted 1 ñfor drug-related crimes, violent crimes, and other crimes when the criminal activity threatens the health, safety, or peaceful enjoyment of the premises by other tenants or staff. See 42 U.S.C. § 1437d(i )(5)-(6); and 24 C.F.R. § 966.4.
Guste argues that Mr. Thomas may be evicted for any criminal activity that occurs on or off Guste premises pursuant to federal statute and the lease agreement; however, Guste’s assertions are based on inaccurate interpretations of the law and lease agreement. Both the federal statutes and lease provisions that Guste points to in order to support this contention are in reference to drug-related crimes and crimes of violence; neither of which are applicable in this ease. Due to the nature of the crime alleged, the rule for possession was limited to the allegation that Mr. Thomas engaged in criminal activity that threatened the health, safety, or peaceful enjoyment of the premises by the other tenants and staff.
To terminate the lease, Guste has the burden to prove by a preponderance of evidence that Mr. Thomas violated his lease and the violation constituted sufficient grounds for the eviction under the lease and the applicable federal law. See Mouton v. P.A.B., Inc., 83-679 (La.App. 3 Cir. 5/16/84), 450 So.2d 410, 412. Furthermore, an eviction may not be granted without evidence of the lease violation. See Houston v. Chargois, 98-1979, p. 1 (La.App. 4 Cir. 2/24/99), 732 So.2d 71, 73 (The record, virtually absent of testimony or documentary evidence, did not support the conclusion that an oral lease existed between plaintiff and her stepfather with respect to plaintiffs rule for possession to evict plaintiffs stepfather.)
The relevant federal regulation mandates that no tenant, member of the tenant’s household, or guest engage in “[a]ny criminal activity that threatens the ^health, safety, or right to peaceful enjoyment of the premises by other residents.” See 24 C.F.R. § 966.4(f)(12)(i)(A).
Additionally, 24 C.F.R. § 966.4(Z )(2)(iii) states in pertinent part that the public housing agency may terminate the tenancy only for “[ojther good cause” including criminal activity as provided in paragraph (0(5).
24 C.F.R. § 966.4C )(5)(ii)(A) provides: The lease must provide that any criminal activity by a covered person that threatens the health, safety, or right to peaceful enjoyment of the premises by other residents (including PHA management staff residing on the premises) or threatens the health, safety, or right to peaceful enjoyment of their residences by persons residing in the immediate *991 vicinity of the premises is grounds for termination of tenancy.
At trial, Guste’s evidence included Mr. Thomas’ conviction for misdemeanor theft and the testimony of Guste site manager, Keywanda Francis. Ms. Francis testified that she believed that Mr. Thomas’ criminal activity threatened the health, safety, and peaceful enjoyment of the premises. However, when the trial court asked her how Mr. Thomas’ actions threatened other tenants, Ms. Francis was unable to substantiate her belief with testimony or evidence:
THE COURT: Well how did it threaten their health and safety?
THE WITNESS: The right to peaceful enjoyment. How can you have peace if a threat lurks?
THE COURT: What’s the threat?
THE WITNESS: Mr. Thomas’ actions.
THE COURT: That’s not a threat.
THE WITNESS: It’s a threat to then-peace.
THE COURT: But that’s what I want you to tell me. How is it a threat to their peace? It didn’t happen on the premises.
|7THE WITNESS: It didn’t. But it can happen.
THE COURT: But we don’t deal with can, or would have, should have, or maybe. What is the threat? If it’s a criminal activity that happened off of the premises, if it involves a theft — how—It has to be a threat. How were they threatened?
Ms. Francis testified that after the crime was reported on the news, Guste residents called to report Mr. Thomas. When questioned how reporting that their neighbor was on the news affected then-health, safety, and peaceful enjoyment, Ms. Francis was unable to provide a response.
THE COURT: No. I want to know how were they threatened? [sic] You are just telling me that they reported it. They saw it on the news.
THE WITNESS: His actions.
THE COURT: How were they threatened? How did that disturb then-peaceful enjoyment?
THE WITNESS: It’s about being proactive.
THE COURT: Okay. I understand. Proactive is why they reported it to you. But how were they threatened by this activity?
THE WITNESS: It’s the likelihood of being threatened.
THE COURT: Well, we don’t evict people — I can’t evict him for the likelihood that they might be threatened down the line.
Guste offered no other witnesses or evidence to show that there was an actual threat to the health, safety, and peaceful enjoyment of the premises by other tenants and staff. This type of evidence is a necessary element to demonstrate that Mr. Thomas’ actions warrant eviction and are the type of criminal activity contemplated under the “One Strike” eviction laws and the lease agreement. Thus, 1¡¡although both parties agree Mr. Thomas engaged in criminal activity, there was no testimony to demonstrate that Mr. Thomas’ actions warranted his eviction pursuant to 42 U.S.C. § 1437d(1)(5)-(6) and 24 C.F.R. § 966.4. Accordingly, the trial court determined that Guste failed to meet its burden of proof to evict Mr. Thomas and granted Mr. Thomas’ motion for involuntary dismissal.
The record indicates that although Guste residents reported to management that the local news exposed Mr. Thomas’ criminal activity, no one complained of feeling threatened or concerned for their *992 individual health, safety, or peaceful enjoyment of the premises. At trial, Guste carries the burden of proving by a preponderance of the evidence that there is cause for the eviction. Absent any showing of a threat, the trial court reasonably found Mr. Thomas did not meet its burden at trial. Accordingly, we find nothing manifestly erroneous or clearly wrong with the trial court judgment granting Mr. Thomas’ motion for involuntary dismissal.

DECREE

For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED

. The rule for possession was limited to the notice to vacate relative to the alleged criminal activity under the "One Strike” policy only.

. The “One Strike Policy” is a based on 42 U.S.C. § 1437 d(1)(5)-(6), 24 C.F.R. § 966.4.