JENKINS, J.,
concurs and assigns reasons.
|J respectfully concur. I write separately to highlight the lack of due process in this case. Ms. McCoy resides in a public housing authority apartment; as such, her lease operates in accordance with specific federal statutes and regulations. See 24 C.F.R. § 966.4. In opposing the rule for possession, Ms. McCoy filed exceptions of vagueness and prematurity, arguing that The Estates did not comply with federal regulations regarding termination of tenancy and eviction procedures. She argued that she did not receive sufficient notice to vacate or notice of the grievance procedures available to her; she also argued the rule for possession failed to state sufficient reasons constituting violations of the lease. At the hearing on the rule for possession, the trial court granted the rule without first addressing and ruling on the exceptions. I find the trial court erred in failing to rule on these exceptions; moreover, I find Ms. McCoy’s exception of prematurity has merit, mandating the reversal and dismissal of the rule for possession. See La. C.C.P. art. 929; La. C.C.P. art. 938(A).
Ms.- McCoy contends that she did not receive the notice to vacate prior to the filing of the rule for possession, which itself did not state sufficient reasons for the termination of the lease. “A reason for eviction and proper notice are essential requirements for a lessee to have due process.” River Garden Apartments v. Robinson, 12-0938, p. 8 (La.App. 4 Cir. 1/23/13), 108 So.3d 352, 358. From my review of the record in light of applicable law, the lease termination notice did not comply with federal regulations. Neither the notice to vacate nor the notice of infraction specifically alleges that Ms. McCoy engaged in criminal activity that “threatens the health, safety, or right to peaceful enjoyment of the premises.” 24 C.F.R. § 966.4(1); 24 C.F.R. § 966.51; see Guste Homes Resident Management Corp. v. Thomas, 12-1493, pp. 4-5 (La.App. 4 Cir. 5/29/13), 116 So.3d 987, 990 (“Under federal law, a housing authority tenant may only be evicted for drug-related crimes, violent crimes, and other crimes when the criminal activity threatens the health, safety or peaceful enjoyment of the premises by other tenants or staff.”). Moreover, the notice to vacate does not inform her of her right to examine documents directly relevant to the termination; nor does it state whether she is entitled to a grievance hearing on her termination of lease. 24 C.F.R. § 966.4(l)(3)(ii); see River Garden, 12-0938, p. 9, 108 So.3d at 358. The notices and the rule for possession failed to comply with federal regulations regarding lease termination;[1] consequent *1184 ly, Ms. McCoy was not afforded sufficient due process. Therefore, I find the trial court committed reversible error in failing to rule on Ms. McCoy’s exception of prematurity that raised the issue of lack of due process.

. I note that the majority states Ms. McCoy received a notice of infraction and notice to vacate on May 7, 2014; those documents *1184 were filed with the rule for possession, but there was no evidence or testimony offered to establish that either notice was delivered to Ms. McCoy or tacked to the door of the property. See La. C.C.P. arts. 4701-4703.